FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JAN 21 PM 3: 29

U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIE NITA KENDRICK, ET AL.,  }
                               }
    Plaintiffs                 }
                               }    CIVIL ACTION NO.
vs.                            }
                               }    95-AR-0668-S
STATE FARM MUTUAL AUTOMOBILE   }
INSURANCE COMPANY, ET AL.,     }
                               }
    Defendants                 }

ENTERED

JAN 2 1 1997

### ORDER

In accordance with the accompanying memorandum opinion, the motion of plaintiffs for leave to amend is DENIED. All discovery in the above-entitled cause will be completed by 4:30 P.M., March 13, 1997. The case is set for final pre-trial conference on March 14, 1997, at 2:00 P.M., in accordance with the attached pre-trial instructions.

DONE this 21st day of January, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

PRE-TRIAL DOCKET

The cases shown on the attached docket are set for pre-trial hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure. A conference-type hearing will be held in chambers in the Federal Courthouse in Birmingham at the time indicated.

The hearings will be addressed to consideration of the matters provided in Rule 16, including the limitation of issues requiring trial, rulings on pleading motions, and settlement possibilities.

Counsel attending the conference are expected to be well informed about the factual and legal issues of the case and to have authority to enter appropriate stipulations and participate in settlement discussions. <u>Counsel appearing at the conference may be required to proceed at trial notwithstanding the naming of others as designated trial counsel.</u>

Promptly upon receipt of this notice, plaintiff's counsel is to initiate discussions with other counsel aimed at ascertaining which basic facts are not really in dispute, at clarifying the parties' contentions (for example, just what is denied under a "general denial") and at negotiating workable procedures and deadlines for remaining discovery matters. <u>At least 4 days in advance of the conference, plaintiff's counsel is to submit to the Judge's office (not to the court Clerk) a proposed Pre-trial Order,</u> furnishing other counsel with a copy. It is anticipated that in most cases the proposed order, with only minor insertions and changes, could be adopted by the court and signed at the close of the hearing. The standard Exhibit A to the sample order need not be reproduced by counsel unless significant changes are involved.

A sample of a proposed Pre-trial Order is attached at the end of this docket to illustrate the format preferred by the court and the substance of an order in a typical case. Each order must, of course, be tailored to fit the circumstances of the individual case.

The objective is to produce the highest quality of justice in the shortest time and with the lowest cost consistent therewith. If the indicated pre-trial procedure is considered in a particular case to frustrate this objective or to create problems, counsel are encouraged to confer with one another and contact the court.

IN ANY CASE WHERE COUNSEL HAVE ANNOUNCED SETTLEMENT TO THE COURT, A CONSENT JUDGMENT IN SATISFACTORY FORM <u>MUST</u> BE PRESENTED TO THE COURT <u>PRIOR</u> TO THE SCHEDULED TRIAL DATE; OTHERWISE, THE CASE WILL BE DISMISSED <u>WITH</u> PREJUDICE.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS S. SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) | CV 85-Z-1998-S |
| COLLINS CONSTRUCTION CO., INC., ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| ELIZABETH D. SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) | CV 85-Z-1999-S |
| COLLINS CONSTRUCTION CO., INC., ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

PRETRIAL ORDER

A pretrial conference was held in the above cases on November 5, 1986, wherein, or as a result of which, the following proceedings were held and action taken:

1. Appearances. Appearing at the conference were:

[Leave space for completion by the court.]

2. Jurisdiction and venue. Subject matter jurisdiction exists under 28 U.S.C. §1332 by reason of the amounts in controversy and the admitted diversity of citizenship. Personal jurisdiction and venue are not contested.

3. Consolidation. These actions (CV 85-Z-1998-S and CV 85-Z-1999-S) involve common questions of law and fact and are hereby ORDERED CONSOLIDATED under Rule 42 for further proceedings and trial.

4. <u>Parties and trial counsel</u>. Any fictitious defendants are hereby DELETED. The parties before the court are correctly named as set out below and the designated trial counsel for the parties are as set out below:

| PARTIES | TRIAL COUNSEL |
|---|---|
| Plaintiffs: | |
| Thomas S. Smith | Robert Stephens (Brown, Brownlee & Stephens); Gene Baird (Baird & Jones) |
| Elizabeth D. Smith | Same counsel |
| Defendants: | |
| Collins Construction Co., Inc. | James Johnson and Robert Donovan (Phillips & Randall) |
| James K. Adams | Same counsel |

5. <u>Pleadings</u>. The following pleadings (with the modifications contained in this order) have been allowed: Complaint (as amended June 5, 1985) on behalf of each plaintiff; answer on behalf of the defendants to each complaint. The answers filed to the original complaints suffice as answers to the amended complaints without refiling.

6. <u>Statement of the case</u>.

(a) <u>Agreed summary</u>. This case arises out of a collision between two vehicles which occurred August 5, 1984, at the intersection of 21st Street and 5th Avenue South in the city limits of Birmingham, Alabama. An automobile owned and then being operated by plaintiff Thomas S. Smith (and in which his wife, plaintiff Elizabeth D. Smith, was a passenger) was proceeding northward on 21st street (a one-way street for northbound traffic). A truck owned by defendant Collins Construction Co., Inc., and then being operated by the other defendant, James K. Adams, was proceeding eastward on 5th Avenue South (two-way traffic). A standard traffic control device (green/yellow/red lights) governed traffic entering the intersection and was functioning on this occasion. Both drivers claim to have had the green light. The corporate defendant admits that Adams was its employee and was acting within the line and scope of such employment at the time.

(b) <u>Plaintiffs' positions</u>. Plaintiff Thomas S. Smith seeks $75,000 in compensatory damages for his own personal injuries, medical expenses and lost wages; for property damage to his automobile; and for his wife's medical expenses (past and future) and the loss of her services and consortium (past and future). Plaintiff Elizabeth D. Smith seeks $125,000 in compensatory damages for her personal injuries and disfigurement (past and future). Plaintiffs claim that these damages were proximately caused by the negligence of the defendants, asserting that Adams was negligent in (1) violating Ala. Code §32-5A-31 (running yellow or red light) and/or (2) failing to exercise

ordinary care under the circumstances. Plaintiffs withdraw any contention of wanton misconduct on the part of the defendants. Plaintiff Thomas S. Smith denies any contributory negligence on his part.

(c) <u>Defendants' positions</u>. Defendants deny any negligence on the part of Adams and contest the amount of damages claimed by plaintiffs. As to the claims made by Thomas S. Smith, defendants assert that Smith was himself contributorily negligent by (l) violating Ala. Code §32-5A-3l and/or (2) failing to exercise ordinary care under the circumstances. Defendants withdraw any contention of contributory negligence on the part of plaintiff Elizabeth D. Smith.

7. <u>Discovery and other pretrial procedures</u>.

(a) The parties are given leave to proceed with further discovery provided it is commenced in time to be completed (by _____) (at least _____ days prior to trial).

(b) The Standard Pretrial Procedures specified on Exhibit A hereto are adopted as part of this order.

(c) Pending discovery motions:

[Here list motions, if any, with space for court's ruling.]

\* 8. <u>Trial</u>. [Jury case] When the case is called for trial, the parties shall present to the court any special questions or topics for voir dire examination of the jury venire, and, to the extent the same can be anticipated, any requests for instructions to the jury (including extracts of any statutes on which instructions are requested).

ORDERED this _____ day of _____, 1986, that the above provisions be binding on all parties unless modified by further order for good cause shown.

_____<br>UNITED STATES DISTRICT JUDGE

_____

\* For a non-jury case paragraph 8 should be left out.

## STANDARD PRETRIAL PROCEDURES

1. <u>Damages</u>. The parties shall (by _____) (at least _____ days before trial) exchange (and file with the court) lists itemizing all damages and equitable relief sought, showing the amount (and, where applicable, the method and basis of computation) of such items.

2. <u>Witnesses</u>.

   (a) (by _____)(at least _____ days before trial) exchange (and file with the court) lists stating the names and addresses of all expert witnesses whom they may offer at trial and stating, to the extent not previously provided, the information specified in FRCP 26(b)(4)(A)(i) with respect to any such person other than a medical expert.

   (b) (by _____)(at least _____ days before trial) exchange (and file with the court) lists of all witnesses (other than expert witnesses) whom they may offer at trial.

   (c) appropriately indicate on such lists (l) which are their "primary" witnesses (those persons whose testimony they expect to offer, absent a favorable ruling on summary judgment, directed verdict, or involuntary dismissal), (2) which are their "optional" witnesses (those persons whose testimony will probably not be needed but who have been listed merely to preserve their right to offer such testimony should the need arise in the light of developments at trial), and (3) which of their primary and optional witnesses they anticipate presenting by means of depositions.

Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering substantive evidence through any witness not so listed. The listing of a witness does not commit the party to have such witness available at trial or to call such witness to testify, but does preclude the party from objecting to the call of such witness by another party. Except to the extent written notice to the contrary is given within 5 days after receiving such list, each party shall be deemed to have agreed that the conditions of FRCP 32(a)(3) are satisfied with respect to the deposition of any listed medical expert and of any other person identified in the list as one whose testimony is expected to be offered by deposition.

3. <u>Exhibits</u>.

   (a) <u>Exchange of lists</u>. The parties shall (by _____)(at least _____ days before trial) exchange (and file with the court) lists describing all writings, recordings, summaries, documents, bills, reports, records, photographs and other exhibits (collectively called "exhibits") which they may utilize at trial.* Unless specifically agreed between

---

I. Although exhibits sometimes may be adequately identified by a group description (e.g., "exhibits attached to deposition of Ronald Jones"), a general reference, such as "all documents produced by XYZ Co. in response to requests for production," is not sufficient.

(Page I of 2 pages)                                                                  <u>Exhibit A</u>

the parties or allowed by the court for good cause shown, the parties shall be precluded from offering as substantive evidence any exhibit not so identified. Except where beyond a party's control or otherwise impracticable (e.g., records from an independent third party being obtained through subpoena), each party shall make such exhibits available for inspection and copying. Except to the extent written notice to the contrary is given at the time of filing such list or within 5 days after receiving such list, each party shall be deemed to have agreed (for purposes of this litigation only):

    (1) that the originals of the listed exhibits are authentic within FRE 901 and 902;

    (2) that a duplicate, as defined in FRE 1001, of the listed exhibit is admissible to the same extent as would be the original;

    (3) that any of the listed exhibits purporting to be records described in FRE 803(6) meet the requirements of such rule without extrinsic evidence;

    (4) that any of the listed exhibits purporting to be correspondence were sent by the purported sender on approximately the date shown and were received by the purported recipients in accordance with customary delivery schedules;

    (5) that any listed photographs fairly and accurately portray the scene depicted therein as of the time when made;

    (6) that any listed bills for services or materials are reasonable in amount for the services or materials therein billed; and

    (7) that any disputes regarding the accuracy of any listed exhibit purporting to be a summary under FRE 1006 affect only the weight, not the admissibility of such exhibit.

    (b) <u>Marking for trial</u>. Each party which anticipates offering as substantive evidence as many as <u>six</u> exhibits shall premark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of Court. By the time the case is scheduled for trial, a copy of the exhibit list shall be provided to opposing counsel and the exhibits be made available for inspection by opposing counsel; the presentation of evidnece at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been so identified.

    4. <u>Special medical provisions</u>. Counsel for all parties are hereby granted the right to inspect and copy all hospital and medical reports relative to the medical care, treatment, diagnosis, condition, and history of _____, together with the right to depose on due notice or to interview (in person or otherwise) all physicians, administrators and other personnel in connection therewith. A copy of this order shall constitute sufficient authority for such inspection, copying or interview. Any party claiming damages for his or her own personal injuries shall submit, if requested by counsel for an opposing party, to a medical examination by a physician selected by (and compensated by) such opposing party; but counsel for the injured party shall be furnished a copy of any reports of such examination and shall have the right to depose or interview the examining physician.

FILED
97 JAN 21 PM 3:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE NITA KENDRICK, ET AL., }
    Plaintiffs }
vs. } CIVIL ACTION NO.
} 95-AR-0668-S
STATE FARM MUTUAL AUTOMOBILE }
INSURANCE COMPANY, ET AL., }
    Defendants }



ENTERED
JAN 2 1 1997

## MEMORANDUM OPINION

On December 18, 1996, plaintiffs moved to amend their previously amended complaint "to explicitly allege fraud," as if the complaint, as previously amended, had <u>implicitly</u> alleged fraud. The proposed amendment attached to plaintiffs' motion would add Count V, in which plaintiffs would demand judgment against defendants <u>on behalf of each class member</u> ...." (emphasis supplied). After the hearing, this court has expressly denied class certification and must assume that the individual plaintiffs, by their choice of words in their current motion, are trying to introduce a new theory of liability for themselves individually and not so audacious as to try to reintroduce the possibility of the existence of a class of defrauded persons. Traveling on this assumption, the court proceeds to consider plaintiffs' motion, which, on plaintiffs' further motion, was continued from the regular motion docket of January 16, 1997, and taken under submission without oral argument. Defendants have strenuously

83

objected to the proposed amendment. In this court's view, defendants have the better of the argument.

Not only does the proposed amendment come twenty-one months after the case was removed to this court and long after the time contemplated for offering material amendments, but plaintiffs' allegation that "defendants will not be prejudiced by plaintiffs' amendment" is disingenuous at best. The absence of a formal discovery deadline is a failure by the court, but the previous judges to whom the case was assigned did not intend to allow an unlimited course of discovery and to grant a perpetual continuance of the case for trial. Frankly, the undersigned heir to the case thought discovery was complete, as it should have been. Defendants' line of discovery in defense of the only claim, i.e., breach of contract, was, or should have been, markedly different from discovery designed to defend a fraud claim. This court is unwilling to postpone a final pre-trial conference and to prolong final disposition while important discovery would remain to be undertaken, probably using many of the same witnesses.

The court can see very real prejudice to defendants in the event the proposed amendment was allowed, not only because of the lateness of the new claim but because there is nothing to demonstrate that plaintiffs' discovery of the alleged fraud was only recent and that plaintiffs' failure to discover it earlier is excusable.

Lastly, the "would-be" Count V does not meet the particularity

2

requirements of Rule 9(b), F.R.Civ.P.

For these separate and several reasons, some of which overlap the arguments made by defendants, plaintiffs' proposed amendment will be disallowed.

DONE this 21st day of January, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE